Hon. Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CEDARLAND HOMES LLC, et al.,

                Plaintiffs,

      v.

FERGUSON, et al.

                Defendants.

CASE NO. 3:26-CV-05090-BJR

MOTION TO DISMISS

NOTE ON MOTION CALENDAR:
April 3, 2026

**Contents**

I.    Introduction and Relief Requested...........................................................................................1

II.   Statement of Facts.......................................................................................................................1

III.  Authority ......................................................................................................................................2

    A.   Standard of review. ............................................................................................................2

    B.   Plaintiffs' challenge is untimely. .....................................................................................3

        1.   Section 1983 claims are subject to a three-year limitations period in
            Washington. ................................................................................................................3

        2.   Washington inverse condemnation claims should be subject to a three-year
            limitations period. ....................................................................................................4

MOTION TO DISMISS - i
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

C.   Even if timely, Plaintiffs' physical invasion takings claim fails under Supreme Court precedent and the overwhelming weight of authority following it. ........................6

1.   *Yee* instructs that regulating the landlord-tenant relationship effects no per se physical invasion taking. ..............................................................................7

2.   The Ninth Circuit, federal district courts, and Washington appellate courts followed *Yee* to reject per se physical invasion takings claims against pandemic-era eviction moratoria. ...............................................................8

3.   Under *Yee*, Plaintiffs' claim fails because the Moratoria regulate the landlord-tenant relationship. ..............................................................................10

4.   The authority Plaintiffs invoke is distinguishable or unpersuasive. ......................10

a.   *Cedar Point* involved no landlord-tenant regulation. ...................................10

b.   *Heights Apartments* and *Darby* are outliers and *Alabama Association of Realtors* addressed no takings claim. ............................................................12

c.   *Fowler* addressed government appropriating interest on identifiable accounts, not regulating others' collection of interest or late fees. ................14

IV.   Conclusion ...........................................................................................................15

Appendices:

1. King County Ord. 19118

2. City of Burien Ord. 773

3. City of Burien Ord. 789

4. City of Everett Mayoral Civil Emergency Order (March 17, 2020)

5. Everett City Council Minutes of Regular Meeting March 18, 2020

6. City of Kenmore Ord. 21-0536

7. City of Kirkland Ord. O-4759

8. City of Kirkland Ord. O-4763

9. City of Olympia Ord. 7252

10. City of Spokane Res. 2020-0020

11. City of Spokane Res. 2021-0050

MOTION TO DISMISS - ii
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## I.      INTRODUCTION AND RELIEF REQUESTED

Defendants Governor Robert Ferguson, the State of Washington, King County, and the Cities of Burien, Everett, Kenmore, Kirkland, Olympia, Seattle, and Spokane[1] respectfully ask this Court to dismiss this action with prejudice. Defendants and Plaintiffs conferred about this motion on February 23, 2026. *See* Dkt. # 20 at p. 3 (Standing Order).

Responding to the COVID-19 pandemic several years ago, Defendants (or in the Governor's case, his predecessor in that office) temporarily suspended evictions and enacted other temporary tenant protections (collectively, "Moratoria"[2]). No moratorium offered free rent to tenants, who remained legally responsible for the rent they owed. Plaintiff landlords claim the Moratoria effected a per se physical invasion taking of their property without compensation under the U.S. Constitution. Their challenge is time-barred because they filed it over three years after Defendants enacted the Moratoria. But even if this Court reaches the merits, these issues have been settled in this Circuit and elsewhere. Plaintiffs cannot evade controlling and persuasive authority rejecting per se physical invasion takings claims against landlord-tenant regulations, including pandemic-era eviction moratoria.

## II.      STATEMENT OF FACTS

For this motion, Defendants accept the Complaint's allegations as true. The Complaint alleges that the State moratorium's components were enacted from March 18, 2020 through June 29, 2021 and expired by December 31, 2021. Dkt. # 2-1 at pp. 33–34 ("Compl."[3]). The

---

[1] Because Plaintiffs voluntarily dismissed their claims against Defendant City of Bellevue, Dkt. # 22, Bellevue does not join this motion to dismiss.

[2] This motion uses "Moratoria" to mirror the Complaint, even if some Defendants might not have construed their regulations as "moratoria."

[3] Subsequent cites to the Complaint refer to docket page numbers.

MOTION TO DISMISS - 1
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Complaint alleges Seattle's components were enacted from March 16, 2020 through May 11, 2020 and expired October 31, 2022. *Id*. at 35–36. The Complaint incorporates the other Defendants' moratoria by reference.[4] *Id*. at 36. Like the State's and Seattle's moratoria, the others were enacted and expired over three years ago. *See* App. 1 (King County, June 23, 2020– March 1, 2021); Apps. 2–3 (Burien, June 21, 2021–Dec. 31, 2021[5]); Apps. 4–5 (Everett, March 17, 2020–April 16, 2020); App. 6 (Kenmore, March 2020–Jan. 15, 2022); Apps. 7–8 (Kirkland, June 15, 2021–Sept. 30, 2021); App. 9 (Olympia, Oct. 13, 2020–Oct. 13, 2021); Apps. 10–11 (Spokane, March 23, 2020–June 7, 2021). Plaintiffs recognize that no moratorium absolved tenants of legal responsibility for the rent they owed. Compl. at 46 ¶ 80.

Plaintiffs filed this action in state court on December 18, 2025. *Id*. at 1. They seek class action certification, claiming the Moratoria effected a per se physical invasion taking of landlords' property without just compensation in violation of the Takings Clause of the U.S. Constitution, as applied to state and local governments by the 14th Amendment. *Id*. at 45–49.

Defendants timely removed this action to this Court. *See* Dkt. # 1.

### III.    AUTHORITY

#### A.    Standard of review.

When considering a motion to dismiss under Rule 12(b)(6), federal courts accept the complaint's factual allegations as true, construe them in the light most favorable to the plaintiff,

---

[4] A court may consider documents incorporated by reference in a complaint, or matters of judicial notice, without converting a motion to dismiss into a motion for summary judgment. *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1064 (W.D. Wash. 2024), *modified on other grounds*, No. 23-CV-1742-BJR, 2024 WL 3199860 (W.D. Wash., June 26, 2024).

[5] Because Burien's moratorium was tied to the Governor's emergency proclamation and the Complaint alleges that all State components expired no later than December 31, 2021, Defendants assume that as the Burien moratorium's expiration date for this motion.

MOTION TO DISMISS - 2
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

and grant the motion if the complaint fails to state a facially plausible claim to relief. *Atkinson*, 733 F. Supp. 3d at 1064. Accepting Plaintiffs' factual allegations for this motion, their Complaint states no facially plausible claim because their challenge is time-barred and, even if it were not, their takings claim fails under U.S. Supreme Court precedent and the overwhelming weight of authority following it.

> **B.      Plaintiffs' challenge is untimely.**

The government implicates the Takings Clause directly by appropriating or invading private property, or through regulation by effectively ousting the owner from their domain. *Lingle v. Chevron USA, Inc.*, 544 U.S. 528, 537–39 (2005). Plaintiffs claim a per se regulatory taking from the Moratoria, which they contend caused them to suffer a physical invasion by tenants in arrears. Compl. at 45–48. Their causes of action are subject to three-year limitations periods that started to run upon the Moratoria's passage. Because each moratorium was passed over three years before Plaintiffs sued, their challenge is time-barred.

> **1.      Section 1983 claims are subject to a three-year limitations period in Washington.**

Plaintiffs' cause of action under 42 U.S.C. § 1983, *see* Compl. at 48, is subject to a three-year limitations period. Because that statute includes no limitations period, a Section 1983 claim is governed by the relevant state's personal injury limitations period because injury to one's constitutional rights is an injury to one's person, not property. *Wilson v. Garcia*, 471 U.S. 261, 276–78 (1985). Courts in the Ninth Circuit follow that rule in regulatory takings cases brought under Section 1983. *See*, e.g., *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955–57 (9th Cir. 2011). Washington's personal injury limitations period is three years. Wash. Rev. Code § 4.16.080(2) (2026).

MOTION TO DISMISS - 3
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

Plaintiffs' challenge falls outside that three-year period. Where a plaintiff claims a law takes their property, the claim accrues and the limitations period starts to run upon the law's passage because that is when there can be no question about how the law applies to the property. *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 739 (1997); *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1162–66 (4th Cir. 1991); *accord RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1059 (9th Cir. 2002) (in determining when a claim accrues, courts look to when the operative decision occurred, not its inevitable consequences). Because Plaintiffs' claim accrued with the Moratoria's passage—all over three years ago—their cause of action under Section 1983 is time-barred.

### 2. Washington inverse condemnation claims should be subject to a three-year limitations period.

Plaintiffs' other cause of action is titled "inverse condemnation," Compl. at 45, but Plaintiffs do not explain whether they invoke a federal or state cause of action. The Supreme Court has not resolved whether a federal cause of action exists and refuses to address the question where the property owner may vindicate their rights under the Takings Clause through a state inverse condemnation action. *DeVillier v. Texas*, 601 U.S. 285, 291–93 (2024). Because Washington's inverse condemnation cause of action accommodates federal takings claims, *see, e.g.*, *Presbytery of Seattle v. King Cnty.*, 787 P.2d 907 (Wash. 1990), *abrogated on other grounds*, *Yim v. City of Seattle*, 451 P.3d 675 (Wash. 2019), Plaintiffs are limited to a state remedy.

Like their Section 1983 claim, Plaintiffs' state inverse condemnation cause of action should be subject to a three-year limitations period. The Washington Supreme Court recognizes that one limitations period controls a takings claim alleging a direct governmental appropriation of land, and another controls a regulatory takings claim. Where the government directly

MOTION TO DISMISS - 4
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

appropriates real property, the Court applies a practical ten-year limitations period based on Washington's adverse possession or prescriptive easement period. *Petersen v. Port of Seattle*, 618 P.2d 67, 69–71 (Wash. 1980); *Highline School Dist. No. 401 v. Port of Seattle*, 548 P.2d 1085, 1088–89 (Wash. 1976).

But not for regulatory takings claims. Because regulations involve no appropriation of property, the government cannot meet the elements of adverse possession or a prescriptive easement. And a plaintiff alleging a regulatory taking seeks compensation without conveying a property interest in return. So the Court recognized that the ten-year prescriptive period does not control regulatory takings claims. *Valley View Indus. Park v. City of Redmond*, 733 P.2d 182, 189 (Wash. 1987), *abrogated on other grounds*, *Yim*, 451 P.3d 675. The Court soon added that some limitations period must apply: "Unless some statute of limitation applies, the State could never extinguish a regulatory takings claim. . . . [I]n the absence of statutory limits, damages would continue to mount until the property owner chose to bring an action." *Orion Corp. v. State*, 747 P.2d 1062, 1069 (Wash. 1987), *abrogated on other grounds*, *Yim*, 451 P.3d 675; *accord Lambier v. City of Kennewick*, 783 P.2d 596, 601 n.7 (Wash. App. 1989). Yet despite eschewing the ten-year period, the Court did not commit to a regulatory takings limitations period because it was unnecessary to resolve the cases before it. *Orion*, 747 P.2d at 1070; *Valley View*, 733 P.2d at 189.

Consistent with Section 1983 claims, this Court should apply Washington's three-year personal injury limitations period to Plaintiffs' state inverse condemnation claim. The U.S. Supreme Court's reasoning makes sense: the personal injury period should control because injury to one's constitutional rights is an injury to one's person. *Wilson*, 471 U.S. at 276–78. Applying the three-year period would enhance consistency and reduce forum-shopping by

MOTION TO DISMISS - 5
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

subjecting identical takings claims to the same limitations periods no matter the cause of action.[6]

Under that limitations period, Plaintiffs' inverse condemnation claim is time-barred.

> **C.    Even if timely, Plaintiffs' physical invasion takings claim fails under Supreme Court precedent and the overwhelming weight of authority following it.**

Even if this action were timely, this Court should dismiss it on the merits because courts in this Circuit and elsewhere have repeatedly rejected the theory Plaintiffs advance. In persuasive precedent, the Ninth Circuit has affirmed dismissals of substantively identical physical invasion takings claims mounted by landlords against Seattle's, San Diego's, and Los Angeles's eviction moratoria. *GHP Mgmt. Corp. v. City of Los Angeles*, No. 23-55013, 2024 WL 2795190, at *1 (9th Cir. May 31, 2024), *cert. denied*, 145 S. Ct. 2615 (2025); *Bols v. Newsom*, No. 22-56006, 2024 WL 208141, at *1 (9th Cir. Jan. 19, 2024); *El Papel, LLC v. City of Seattle*, No. 22-35656, 2023 WL 7040314, at *2 (9th Cir. Oct. 26, 2023), *cert. denied*, 144 S. Ct. 827 (2024); *see* Ninth Cir. Rule 36-3(a) (citation of unpublished decisions). As the Complaint concedes, the Washington Supreme Court dismissed a physical invasion takings challenge to the State's moratorium. *See* Compl. at 38–39 (citing *Gonzales v. Inslee*, 535 P.3d 864, 872–73 (Wash. 2023)*, cert. denied*, 144 S. Ct. 2685 (2024)). And the Washington Court of Appeals rejected the same claim against Seattle's moratorium. *Rental Hous. Ass'n* ("*RHA*") *v. City of Seattle*, 512 P.3d 545, 556–59 (2022).[7] These decisions are consistent with the overwhelming weight of

---

[6] Washington courts apply the federal analysis to takings claims under the Washington Constitution. *Yim*, 451 P.3d at 694.

[7] Both state court decisions applied the federal takings analysis to takings claims under the Washington Constitution. *See Gonzales*, 535 P.3d at 872–73; *RHA*, 512 P.3d at 557 n.12.

MOTION TO DISMISS - 6
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

authority across the country that follows clear U.S. Supreme Court precedent to reject physical invasion takings challenges to landlord-tenant regulations.

This Court should also follow that authority to dismiss Plaintiffs' challenge.

### 1. *Yee* instructs that regulating the landlord-tenant relationship effects no per se physical invasion taking.

The Supreme Court holds that regulating the landlord-tenant relationship, absent factors not present here, does not effect a per se physical invasion taking. The principal opinion is *Yee v. City of Escondido*, 503 U.S. 519 (1992), which rejected a per se physical invasion takings claim from mobile home park landlords who complained that a law limited their ability to evict tenants who did not pay the higher rents a landlord would otherwise demand. *Id*. at 526–27. That claim failed because the landlord invited tenants onto the property—they did not enter as third-party strangers with a government license:

> Put bluntly, no government has required any physical invasion of petitioners' property. Petitioners' tenants were invited by petitioners, not forced upon them by the government. While the "right to exclude" is doubtless, as petitioners assert, "one of the most essential sticks in the bundle of rights that are commonly characterized as property," we do not find that right to have been taken . . . .
>
> .    .    .
>
> Because they voluntarily open their property to occupation by others, petitioners cannot assert a *per se* right to compensation based on their inability to exclude particular individuals.

*Id.* at 528, 531 (citations omitted).[8]

*Yee* built on two other Supreme Court opinions. When announcing the per se physical invasion takings test, *Loretto* rejected concerns that it would undercut landlord-tenant

---

[8] *Yee* noted that a landlord-tenant regulation might effect a per se physical invasion taking if it requires someone to become an involuntary landlord or forces a landlord to continue serving as such in perpetuity. *Yee*, 503 U.S. at 528. Plaintiffs make no such allegation.

MOTION TO DISMISS - 7
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

regulations: "This Court has consistently affirmed that States have broad power to regulate housing conditions in general and the landlord-tenant relationship in particular without paying compensation for all economic injuries that such regulation entails." *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 440 (1982). *Loretto* ruled only that a law forcing a property owner to suffer a physical invasion from a stranger outside the landlord-tenant relationship is a per se physical invasion taking. *Id*. at 441.

Soon after, *F.C.C.* reaffirmed that a per se physical invasion takings claim will not lie against a landlord-tenant regulation that does not require landlords to acquiesce to a third-party stranger's invasion. *F.C.C. v. Florida Power Corp.,* 480 U.S. 245, 250–53 (1987). Echoing *Loretto*, *F.C.C.* observed that "statutes regulating the economic relations of landlords and tenants are not per se takings." *Id*. at 252. Building on *Loretto*'s warning that the per se test applies only to regulations requiring a landlord to acquiesce to a stranger's invasion, *F.C.C.* observed that "[t]his element of required acquiescence is at the heart of the concept of occupation." *Id*. A landlord who leases to a tenant voluntarily acquiesces to that tenant's occupation and cannot claim a physical invasion when the government adjusts the landlord-tenant relationship. *See id*. at 252–53.

> **2.**    **The Ninth Circuit, federal district courts, and Washington appellate courts followed *Yee* to reject per se physical invasion takings claims against pandemic-era eviction moratoria.**

The Ninth Circuit, recognizing it is bound by that Supreme Court authority, follows it in the context of landlord-tenant regulations generally. *See, e.g.*, *Ballinger v. City of Oakland*, 24 F.4th 1287, 1292–94 (9th Cir. 2022); *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450–55 (9th Cir. 2018); *Rancho de Calistoga v. City of Calistoga*, 800 F.3d 1083, 1088–91 & n.1 (9th Cir. 2015); *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1126–28 (9th Cir.

MOTION TO DISMISS - 8
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

2013); *accord Williams v. Alameda Cnty.*, 642 F. Supp. 3d 1001, 1016 (N.D. Cal. 2022) ("The Ninth Circuit has held consistently that laws governing the landlord-tenant relationship are not subject to a categorical per se takings analysis.").

And courts have overwhelmingly followed *Yee* and its progeny to reject challenges to eviction moratoria enacted to mitigate the pandemic. Again, that was true for challenges in the Ninth Circuit and state court to Seattle's moratorium. *E.g.*, *El Papel*, 2023 WL 7040314, at *2 (*Yee* "controls here and forecloses the Landlords' per se physical-taking claim"); *RHA*, 512 P.3d at 557. It was true for challenges to other cities' moratoria in the Ninth Circuit. *GHP Mgmt.*, 2024 WL 2795190, at *1 n.2 ("we are bound by *Yee*"); *Bols*, 2024 WL 208141, at *1. It was also true for challenges to Washington's moratorium. *Jevons v. Inslee*, 561 F. Supp. 3d 1082, 1106 (E.D. Wash. 2021) ("To find that the eviction moratorium is a *per se* physical taking would require the Court to disregard the U.S. Supreme Court's holdings and rationale in both *Loretto* and *Yee*"), *vacated and remanded on other grounds*, No. 22-35050, 2023 WL 5031498 (9th Cir. Aug. 8, 2023) (mem.); *Gonzales*, 535 P.3d at 873.

Indeed, to Defendants' knowledge, every federal district court considering a per se physical invasion takings challenge to a pandemic-related eviction moratorium applied *Yee* to reject it. *Williams*, 642 F. Supp. 3d at 1019 ("the main Supreme Court case is *Yee*"); *Baptiste v. Kennealy*, 490 F. Supp. 3d 353, 387–88 (D. Mass. 2020); *Auracle Homes, LLC v. Lamont*, 478 F. Supp. 3d. 199, 220–21 (D. Conn. 2020); *Elmsford Apt. Assocs., LLC v. Cuomo,* 469 F. Supp. 3d. 148, 162–64 (S.D.N.Y. 2020), *appeal dismissed sub nom.*, *36 Apt. Assocs., LLC v. Cuomo*, 2021 WL 3009153 (2d Cir. July 16, 2021) (summary order); *Gallo v. District of Columbia*, No. 1:24-cv-01746 (TNM), 2025 WL 3187270 (Nov. 14, 2025) ("*Yee* controls"), *appeal filed*, No. 25-7209 (D.C. Cir. Dec. 31, 2025); *Stuart Mills Props., LLC v. City of Burbank*, No. 2:22-cv-04246-

MOTION TO DISMISS - 9
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

RGK-AGR, 2022 WL 4493573, at *3 (C.D. Cal. Sept. 19, 2022); *Farhoud v. Brown*, No. 3:20-cv-2226-JR, 2022 WL 326092, at *10 (D. Or. Feb. 3, 2022); *Southern Cal. Rental Housing Ass'n v. County of San Diego*, No. 3:21cv912-L-DEB, 2021 WL 3171919, at *8 (S.D. Cal. July 26, 2021).

> **3.** **Under *Yee*, Plaintiffs' claim fails because the Moratoria regulate the landlord-tenant relationship.**

*Yee* controls here, too. Like the *Yee* landlords, Plaintiffs invited tenants onto their property—the Moratoria did not require Plaintiffs' acquiescence to a stranger's invasion. Also like the *Yee* landlords' purported right to exclude tenants who refused to pay higher rent, Plaintiffs assert a right to immediately exclude tenants who fell behind on rent, even though the tenants remained obligated to pay their debt. What was true in *Yee* is true here: "Because they voluntarily open their property to occupation by others, [Plaintiffs] cannot assert a *per se* right to compensation based on their inability to exclude particular individuals." *Yee*, 503 U.S. at 531.

As the Ninth Circuit did when rejecting takings challenges to Seattle's, San Diego's, and Los Angeles's eviction moratoria, the Washington Supreme Court did when rejecting such claims to the State's moratorium, and the overwhelming weight of authority did with every other moratorium and landlord-tenant regulation challenged as a physical invasion taking, this Court should dismiss Plaintiffs' challenge as meritless.

> **4.** **The authority Plaintiffs invoke is distinguishable or unpersuasive.**

Plaintiffs' Complaint invokes distinguishable or unpersuasive authority that cannot outweigh the authority rejecting takings claims like theirs.

> **a.** ***Cedar Point* involved no landlord-tenant regulation.**

Plaintiffs misread *Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021), to contend the Moratoria compelled physical invasion takings. *E.g.*, Compl. at 46 ¶ 78. *Cedar Point* considered

MOTION TO DISMISS - 10
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

a law forcing agricultural landowners to suffer an invasion by union organizers—a class the owners never invited. 594 U.S. at 143–45. The only new ground *Cedar Point* broke was to hold that an intermittent physical invasion can effect a physical invasion taking. *Id.* at 152–56. Far from overruling *Yee*, *Cedar Point* cited it favorably, *id*. at 149, and recognized that if an owner opens property to a class of people, it can claim no physical invasion taking from a regulation of how the owner treats that class: "Limitations on how a business generally open to the public may treat individuals on the premises are readily distinguishable from regulations granting a right to invade property closed to the public." *Id*. 157. An apartment building is no different. A landlord invites an "invasion" of its property by a class of people (tenants) and cannot claim a physical invasion taking when the government regulates that relationship.

The Ninth Circuit and other courts overwhelmingly agree they are bound by *Yee* rather than *Cedar Point* in the landlord-tenant context. *E.g.*, *74 Pinehurst LLC v. New York*, 59 F.4th 557, 563 (2d Cir. 2023), *cert. denied*, 218 L. Ed. 2d 66 (2024); *Community Hous. Improvement Program v. City of New York*, 59 F.4th 540, 551 (2d Cir. 2023); *Ballinger*, 24 F.4th at 1293–94; *GHP*, 2024 WL 2795190, at *1; *Building & Realty Inst. of Westchester & Putnam Cntys., Inc. v. State of N.Y.*, Nos. 21-2526 & 21-2448, 2024 WL 1061142, at *2 (2d Cir. March 12, 2024), *cert. denied*, 145 S. Ct. 563 (2024); *Bols*, 2024 WL 208141, at *1; *El Papel*, 2023 WL 7040314, at *2; *335-7 LLC v. City of N.Y.*, No. 21-823, 2023 WL 2291511, at *2 (2d Cir. March 1, 2023) (sum. order), *cert. denied*, 218 L. Ed. 66 (2024); *Kagan v. City of Los Angeles*, No. 21-55233, 2022 WL 16849064, at *1 (9th Cir. Nov. 10, 2022) (mem.); *Williams*, 642 F. Supp. 3d at 1016–17; *Pakdel v. City & Cnty. of San Francisco*, 636 F. Supp. 3d 1065, 1074 (N.D. Cal. 2022); *Jevons*, 561 F. Supp. 3d at 1106–07; *Southern Cal. Rental Hous. Ass'n*, 550 F. Supp. 3d at 865–66; *Gallo v. District of Columbia*, 610 F. Supp. 3d 73, 87–88 (D.D.C. 2022), *on reconsideration*, No.

MOTION TO DISMISS - 11
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

1:21-cv-03298 (TNM), 2023 WL 2301961, at *3 (D.D.C. March 1, 2023), *aff'd on other grounds*, No. 23-7158, 2025 WL 1446283 (D.C. Cir. May 20, 2025); *Gallo*, 2025 WL 3187270, at *6; *238 Serrano Props. LLC v. State of Cal.*, No. 2:24-cv-08443-SSS-SSCx, 2025, WL 2946988, at *5 (C.D. Cal. Sept. 22, 2025); *Harris v. City of Los Angeles*, No. EDCV 24-2679 JGB (SPx), 2025 WL 2300169, at *5–*6 (C.D. Cal. July 31, 2025), *appeal filed*, No. 25-5029 (9th Cir. Aug. 8, 2025); *Tuck's Rest. & Bar v. Newsom*, No. 2:20-cv-02256-KJM-CKD, 2022 WL 5063861, at *9–10 (E.D. Cal. Oct. 4, 2022); *Stuart Mills*, 2022 WL 4493573, at *2–3; *Farhoud*, 2022 WL 326092, at *10; *Fletcher Prop., Inc. v. City of Minneapolis*, 24 N.W. 3d 287, 301–03 & n.8 (Minn. 2025); *Gonzales*, 535 P.3d at 872–73; *RHA*, 512 P.3d at 556–59.

Plaintiffs note how *Cedar Point* venerated the right to exclude, Compl. at 46 ¶ 78, without acknowledging the limits of that right in the landlord-tenant context. The Ninth Circuit correctly heeded those limits when rejecting an earlier attempt to wield *Cedar Point* against Seattle's moratorium: "Although the Landlords assert that Seattle's eviction restrictions deprived them of their right to exclude, this right is not absolute in the landlord/tenant context. *See Yee*, 503 U.S. at 528; *see also Silver v. Rudeen Mgmt. Co.*, 484 P.3d 1251, 1254–57 (Wash. 2021) (discussing the evolution and scope of state and federal landlord-tenant regulation)." *El Papel*, 2023 WL 7040314, at *2. Plaintiffs' asserted fundamental right is the first step down a slippery slope. If landlords enjoy a fundamental right "to exclude unwanted individuals from their property," Compl. at 29 ¶ 3, any law limiting a landlord's right to exclude—based on religion, race, or any other ground—would effect a per se taking.

> b. ***Heights Apartments* and *Darby* are outliers and *Alabama Association of Realtors* addressed no takings claim.**

Plaintiffs invoke the two outliers from other Circuits applying *Cedar Point*, *see* Compl. at 38–39 ¶¶ 47–48, but neither outweighs the authority applying *Yee*. One is *Heights Apartments,*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

*LLC v. Walz*, 30 F.4th 720, 733 (8th Cir. 2022), which applied *Cedar Point* to hold that landlords had pleaded a plausible physical invasion takings claim against a pandemic-era eviction moratorium.[9] The Eighth Circuit distinguished *Yee* based on the incorrect premise that the *Yee* landlords "sought to exclude future or incoming tenants rather than existing tenants." *Id*. In fact, the *Yee* landlords also sought to exclude existing tenants, claiming that the challenged law had the effect of "granting to the tenants of mobilehomes [sic] *presently in The Park*, as well as the successors in interest of such tenants, the right to physically permanently occupy and use" the landlords' property. *Yee*, 503 U.S. at 525 (emphasis added; quoting the complaint); *accord Heights Apts.,* No. 21-1278, Order Denying Pet. for Reh'g En Banc, 2022 WL 2167494, at *1 (8th Cir. June 16, 2022) (Colloton, J., dissenting) (noting the same faulty premise). Courts in the Ninth Circuit and elsewhere reject *Heights Apartments*. *E.g.*, *GHP*, 2024 WL 2795190, at *1 n.2 ("Because we are bound by *Yee*, we decline to follow *Heights*"); *Williams*, 642 F. Supp. 3d at 1019; *Gallo*, 610 F. Supp. 3d at 88; *Fletcher Prop., Inc. v. City of Minneapolis*, 2 N.W.3d 544, 555 n.6 (Minn. App. 2024), *aff'd*, 24 N.W. 3d 287 (Minn. 2025).

The other outlier is *Darby Development Co. v. United States*, 112 F.4th 1017 (Fed. Cir. 2024). Acknowledging none of the voluminous contrary caselaw, *Darby* cited *Cedar Point* and distinguished *Yee* to rule that landlords stated a claim for a physical invasion taking against a pandemic-era eviction moratorium. *Id*. at 1033–37.

Like Plaintiffs do now, *see* Compl. at 37 ¶ 46, *Darby* invoked a line from *Alabama Association of Realtors*, an unsigned U.S. Supreme Court emergency order stating that an

---

[9] The takings claim in *Heights Apartments* was never resolved because the case was dismissed on other grounds on remand. *See Heights Apts.*, No. 23-2686, 2024 WL 4850745 (8th Cir. Nov. 21, 2024) (per curiam).

MOTION TO DISMISS - 13
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

eviction moratorium "intrudes on one of the most fundamental elements of property ownership—the right to exclude." *Darby*, 112 F.4th at 1036 (quoting *Alabama Ass'n of Realtors v. Department of Health & Hum. Servs.*, Order on App. to Vacate Stay, 594 U.S. 758, 765 (2021) (per curiam)). But as the Ninth Circuit has correctly and repeatedly noted, reliance on that order is misplaced because it held only that the government "lacked the authority to pass an eviction moratorium, and did not address a per se physical takings claim." *GHP*, 2024 WL 2795190, at *1 n.3; *accord Bols*, 2024 WL 208141, at *2; *El Papel*, 2023 WL 7040314, at *2.

        c.        ***Fowler* addressed government appropriating interest on identifiable accounts, not regulating others' collection of interest or late fees.**

Veering from their physical invasion takings claim, Plaintiffs add that Defendants' bans on recovering interest and late fees "depriv[ed] Plaintiffs of the constitutional right to the time value of money." Compl. at 47 ¶ 81. Setting aside that a state court invalidated local interest bans on statutory grounds, *RHA*, 512 P.3d at 556, Plaintiffs' additional allegation fails.

Plaintiffs misread *Fowler v. Geurin*, 899 F.3d 1112 (9th Cir. 2018). *See* Compl. at 47 ¶ 81. *Fowler* followed Supreme Court decisions holding that governmental appropriation of interest accruing on principal in a specific account is a per se taking. 899 F.3d at 1117 (citing *Brown v. Legal Found. of Wash.*, 538 U.S. 216 (2003); *Phillips v. Washington Legal Found.*, 524 U.S. 156 (1998)). Those decisions involved client trust accounts. *Brown*, 538 U.S. at 220–35; *Phillips*, 524 U.S. at 159–68, 172. *Fowler* dealt with teachers' retirement accounts. 899 F.3d at 1115–16. None involved the regulation of interest one party imposes on another's debt.

Plaintiffs' contention would also prove too much. If government effected a taking by limiting whether and how interest accrues on debt or when one party may impose a late fee on

MOTION TO DISMISS - 14
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

another, then usury laws, credit card regulations, and pay-day loan limitations would fall as per se takings. Like those regulations, a temporary ban on interest and late fees effects no taking.

### IV.   CONCLUSION

Plaintiffs' challenge is time-barred. Even if it were not, it fails as a matter of law under the overwhelming weight of controlling and persuasive authority. Because the Complaint states no facially plausible claim, this Court should dismiss this action with prejudice.

Respectfully submitted February 27, 2026.

| | |
|---|---|
| ERIKA J. EVANS<br>Seattle City Attorney | SUMMIT LAW GROUP, PLLC |
| By:   *s/ Roger D. Wynne*<br>Roger D. Wynne, WSBA #23399<br>Maxwell C. Burke, WSBA #49806<br>Assistant City Attorneys<br>roger.wynne@seattle.gov<br>maxwell.burke@seattle.gov | By:   *s/ Jessica L. Goldman*<br>Jessica L. Goldman, WSBA #21856<br>Jesse L. Taylor, WSBA #51603<br>Eva S. Oliver, WSBA #57109<br>jessicag@summitlaw.com<br>jesset@summitlaw.com<br>evao@summitlaw.com |
| Seattle City Attorney's Office<br>701 Fifth Avenue, Suite 2050<br>Seattle, WA 98104-7097<br>(206) 684-8200 | 315 Fifth Avenue S., Suite 1000<br>Seattle, WA 98104-2682<br>(206) 676-7000 |
| *Attorneys for City of Seattle* | *Attorneys for State of Washington and Governor Robert Ferguson* |

(continued)

MOTION TO DISMISS - 15
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

LEESA MANION (she/her)
King County Prosecuting Attorney

By:    *s/ Kyler M. Danielson*
       Kyler M. Danielson, WSBA #48344
       Darren E. Carnell, WSBA #25347
       Senior Deputy Prosecuting Attorneys
       KMDanielson@kingcounty.gov
       Darren.Carnell@kingcounty.gov

       King County Prosecuting Attorney's
          Office
       701 5th Avenue, Ste. 600
       Seattle, WA 98104-7108
       (206) 477-1200

       *Attorneys for King County*

CITY OF EVERETT

By:    *s/ Ramsey Ramerman*
       Ramsey Ramerman, WSBA #30423
       Deputy City Attorney
       RRamerman@everettwa.gov

       Office of the City Attorney
       2930 Wetmore Avenue, 10-C
       Everett, WA 98201
       (425) 257-7009

       *Attorney for City of Everett*

KELLER ROHRBACK L.L.P.

By:    *s/ Adam L. Rosenberg*
       Adam L. Rosenberg, WSBA #39256
       arosenberg@kellerrohrback.com

       1201 Third Avenue, Suite 3400
       Seattle, WA 98101-3268
       (206) 623-1900

       *Attorney for Defendant City of Burien*

INSLEE, BEST, DOEZIE & RYDER, P.S.

By:    *s/ Curtis J. Chambers*
       Curtis J. Chambers, WSBA #42984
       Dawn F. Reitan, WSBA #23148
       Cchambers@insleebest.com
       Dreitan@insleebest.com

       10900 NE 4th Street, Suite 1500
       Bellevue, WA 98004
       (425) 455-1234

       *Attorneys for City of Kenmore*

(continued)

MOTION TO DISMISS - 16
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

CITY OF KIRKLAND

By:    *s/ Kevin Hansen*
       Kevin B. Hansen, WSBA #28349
         Senior Assistant City Attorney
       Ryan M Gompertz, WSBA #54462
         Assistant City Attorney
       khansen@kirklandwa.gov
       rgompertz@kirklandwa.gov

       City of Kirkland
       123 5th Avenue
       Kirkland, WA  98033
       (425) 587-3031

       *Attorneys for City of Kirkland*

OFFICE OF THE CITY ATTORNEY

By:    *s/ Lynden P. Smithson*
       Lynden P. Smithson, WSBA #28865
       Assistant City Attorney
       lsmithson@spokanecity.org

       808 W. Spokane Falls Blvd.
       Spokane, WA 99201
       (509) 625-6283

       *Attorney for City of Spokane*

LAW, LYMAN, DANIEL, KAMERRER
& BOGDANOVICH, P.S.

By:    *s/ Jeffrey S. Myers*
       Jeffrey S. Myers, WSBA #16390
       jmyers@lldkb.com

       P.O. Box 11880
       Olympia, WA 98508-1880
       (360) 754-3480

       *Attorney for City of Olympia*

MOTION TO DISMISS - 17
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200