Hon. Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CEDARLAND HOMES LLC, et al.,

                Plaintiffs,

      v.

FERGUSON, et al.

                Defendants.

CASE NO. 3:26-CV-05090-BJR

DEFENDANTS' **REPLY** IN SUPPORT OF THEIR MOTION TO DISMISS

NOTE ON MOTION CALENDAR:
April 3, 2026

### Contents

I. Introduction ..................................................................................................................1

II. Authority ......................................................................................................................1

    A. Plaintiffs' challenge is untimely. ...................................................................1

        1. Section 1983 claims are subject to a three-year limitations period in Washington. ...................................................................................2

        2. Washington inverse condemnation claims should be subject to a three-year limitations period. ...................................................................4

    B. Even if Plaintiffs' claim is timely, they concede this Court must dismiss their physical invasion takings claim on the merits. .................................................6

III. Conclusion ..................................................................................................................8

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS - i
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## I.     INTRODUCTION

Plaintiffs must be eyeing the U.S. Supreme Court. Their Complaint admits they would lose in state court because of binding Washington Supreme Court authority following federal law. They now admit they must lose here because of binding Ninth Circuit authority. They have no grounds to ask the Washington Supreme Court or Ninth Circuit to change their minds—both rejected the same arguments Plaintiffs now make. So Plaintiffs presumably want either court to again reject these arguments so they can ask the U.S. Supreme Court to resolve a split of authority, even though that Court has denied at least nine petitions to do so in the last three years.

But a threshold hurdle blocks Plaintiffs' path to the Supreme Court: no court should reach the merits of their constitutional claim because it is untimely. Federal law is clear that a takings claim brought under Section 1983 is subject to the state's personal injury limitations period, which is three years in Washington. Plaintiffs' argument for not applying that same period to their state inverse condemnation claim rests on a misunderstanding of takings law.

Because this Court should dismiss this case as untimely without reaching the merits, and Plaintiffs concede they lose on the merits anyway, Defendants respectfully ask this Court to grant their motion to dismiss.

## II.     AUTHORITY

### A.     Plaintiffs' challenge is untimely.

Plaintiffs have it backward. They ask this Court to ignore the limitations period issues because they concede defeat on their constitutional claims. Resp., Dkt. # 25 at p. 14.[1] But federal courts should avoid a constitutional question in favor of a dispositive nonconstitutional one. *See*,

---

[1] Subsequent cites to this and other docket documents refer to docket page numbers.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS - 1
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

*e.g.*, *Bond v. United States*, 572 U.S. 844, 855 (2014); *Yamashita v. LG Chem, Ltd.*, 48 F.4th 993, 1002 (9th Cir. 2022). This Court should dismiss this case because it is untimely without reaching the constitutional claims.

### 1. Section 1983 claims are subject to a three-year limitations period in Washington.

Consistent with *Wilson v. Garcia*, 471 U.S. 261, 276–78 (1985), courts in the Ninth Circuit apply the state personal injury limitations period to takings claims brought under Section 1983. *See, e.g.*, *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955–56 (9th Cir. 2011); *Honchariw v. County of Stanislaus*, No. 21-15801, 2022 WL 522287, at *2 (9th Cir. Feb. 22, 2022); *Fox v. City of Pacific Grove*, 810 F. Supp. 3d 1065, 1072 (N.D. Cal. 2025), *appeal filed*, No. 25-7379 (9th Cir. Nov. 24, 2025); *Sandman, Inc. v. San Benito Cnty.*, 793 F. Supp. 3d 1155, 1163 (N.D. Cal. 2025); *Bennett v. City of Kingman*, 543 F. Supp. 3d 794, 805–06 (D. Ariz. 2021), *aff'd*, No. 21-16105, 2023 WL 118740, at *1 (9th Cir. 2023) (mem.). In Washington, that period is three years. Wash. Rev. Code § 4.16.080(2) (2026).

Trying to sidestep that settled law, Plaintiffs misread a 2019 Supreme Court decision, *Knick v. Township of Scott*, 588 U.S. 180 (2019), as "newly recogniz[ing] federal inverse condemnation claims brought under Section 1983," which Plaintiffs suggest should be subject to a six-year period consistent with the period governing Tucker Act claims against the federal government. Resp. at 15–16. Plaintiffs cite no authority recognizing these new claims.

No support exists for two principal reasons. One is that the U.S. Supreme Court recently refused to recognize a federal inverse condemnation claim, *DeVillier v. Texas*, 601 U.S. 285, 289–90 (2024), let alone one brought under Section 1983. The premise of that ruling is that Section 1983 claims differ from, and are not a vehicle for, inverse condemnation claims. *Id*. at 290.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS - 2
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

The other reason Plaintiffs find no support is that *Knick* did not, as Plaintiffs report, expand Section 1983 beyond claims "for deprivation of rights sounding in tort" to cover claims seeking just compensation for takings. Resp. at 15. Plaintiffs misread the premise of *Wilson*. It did not limit Section 1983 claims to those sounding in tort; it held "*all* § 1983 claims should be characterized in the same way for limitations purposes." *Wilson*, 471 U.S. at 271 (emphasis added); *accord id.* at 272 ("practical considerations help to explain why a simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose"); *id.* at 275 ("the statute is fairly construed as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims").[2] Because *Wilson* did not limit the scope of cognizable Section 1983 claims, *Knick* had no cause to expand it. The Supreme Court entertained Section 1983 claims for alleged takings well before it decided *Knick* in 2019. *E.g.*, *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999); *Suitum v. Tahoe Reg. Planning Agency*, 520 U.S. 725 (1997), *overruled on other grounds, Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528 (2005). And the Ninth Circuit decades ago held "[t]aking claims must be brought under § 1983." *Hacienda Valley Mobile Ests. v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003), *abrogated on other grounds*, *Knick*, 588 U.S. 180. *Knick* simply removed a requirement to exhaust state remedies before pursuing a Section 1983 takings claim. 588 U.S. at 187–205.

---

[2] Plaintiffs quote *Wilson* out of context to conclude "the cognizable Section 1983 claims at that time 'plainly sounded in tort.'" Resp. at 15 (quoting *Wilson*, 471 U.S. at 277). The full sentence demonstrates *Wilson* was making an historical observation in support of using tort limitations periods by analogy: "The atrocities that concerned Congress in 1871 plainly sounded in tort." *Wilson*, 471 U.S. at 277. *Wilson* did not purport to limit Section 1983 claims to those sounding in tort.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS - 3
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

### 2. Washington inverse condemnation claims should be subject to a three-year limitations period.

The Washington Supreme Court: (1) recognizes direct appropriation takings claims differ from regulatory takings claims, even though both are brought as inverse condemnation actions; (2) warns the ten-year inverse condemnation period applicable to direct appropriation takings claims does not govern regulatory takings claims; but (3) has yet to commit to the limitations period applicable to regulatory takings claims. *See* Mot., Dkt. # 23 at pp. 6–7. Defendants explain why this Court should apply Washington's three-year period for personal injury claims to Plaintiffs' state inverse condemnation claim for a regulatory taking. *Id*. at 7–8.

Addressing none of that, Plaintiffs assert their state inverse condemnation claim is subject to the ten-year period, adding counter-factually that Defendants concede the point. Resp. at 14. They get there by announcing they "do not assert regulatory takings claims," but a "*per se* physical takings*" claim. *Id*.

Plaintiffs misunderstand takings taxonomy. *See id*. at 4. As explained in *Lingle*, there are two basic types of takings. One is direct governmental appropriation or invasion. *Lingle*, 544 U.S. at 537. That is a per se taking. *Id*. at 546. It occurs, for example, if the government commands an easement across property, *see Nollan v. California Coastal Comm'n*, 483 U.S. 825 (1987), or effectively invades property through low-flying aircraft, *see United States v. Causby*, 328 U.S. 256 (1946). The other is a regulatory taking, which occurs when a regulation: (a) forces the owner to suffer a physical invasion from a third party; (b) denies the owner all economically beneficial use of the property; or (c) fails application of the *Penn Central* factors. *Lingle*, 544 U.S. at 537–39 (discussing, as to the third subtype, *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978)). The first two regulatory takings subtypes are per se takings. *Id*. at 538.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS - 4
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Whether they admit it, Plaintiffs press only a per se physical invasion regulatory taking claim. They allege regulations (the Moratoria) caused them to suffer a physical invasion from third parties in the form of non-paying tenants, citing as support *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419 (1982), the source of the per se physical invasion regulatory takings claim. *See* Compl., Dkt. # 2-1 at pp. 39 ¶ 48 and 46 ¶ 78 (citing *Loretto*); *Lingle*, 544 U.S. at 538–39 (identifying *Loretto* as the source). Through the Moratoria, no government directly appropriated or invaded Plaintiffs' property, so they can articulate no per se direct governmental appropriation or invasion claim.

Plaintiffs offer no authority supporting their contrary view. They just gesture to what they "discussed at length above," Resp. at 14, presumably their discussion of *Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021), and its progeny. *See* Resp. at 5–9. *Cedar Point* did not lift per se physical invasion takings out of regulatory takings law, as Plaintiffs seem to suggest. In *Cedar Point*, the Supreme Court reversed lower courts for applying the *Penn Central* factors instead of a per se test. *Id*. at 145–46. "The essential question is . . . whether the government has physically taken property for itself or someone else—by whatever means—or has instead restricted a property owner's ability to use his own property." *Id*. at 149. When the government takes property "for itself," that is a per se direct physical appropriation. When the government allows "someone else" to invade property, that is a per se physical invasion regulatory taking. Either way, "a *per se* taking has occurred, and *Penn Central* has no place." *Id*. Plaintiffs' physical invasion takings claim is still a per se regulatory takings claim, even though *Cedar Point* clarifies it is not subject to the *Penn Central* factors.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS - 5
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

**B.       Even if Plaintiffs' claim is timely, they concede this Court must dismiss their physical invasion takings claim on the merits.**

Given Plaintiffs' concession that this Court must grant Defendants' motion even if this Court reaches the merits, *e.g.*, Resp. at 2, 4, 9, there is no need to belabor the matter. Defendants will reserve their views on the merits for Plaintiffs' likely appeal. Defendants offer just two points now.

First, although their Complaint concedes they likely would have lost in state court, Compl. at 39 ¶ 49, Plaintiffs now suggest they might have enjoyed a different fate there had Defendants not removed this case to this Court. *See, e.g.*, Resp. at 2:19–21; *id.* at 9 n.1. That suggestion is unfounded. In dismissing challenges to the State's and Seattle's moratoria under the Washington Constitution, Washington courts applied the same federal authority Defendants raise to this Court. *Gonzales v. Inslee*, 535 P.3d 864, 872–73 (Wash. 2023)*, cert. denied*, 144 S. Ct. 2685 (2024)); *Rental Hous. Ass'n v. City of Seattle*, 512 P.3d 545, 556–59 & n.12 (Wash. Ct. App. 2022). Those courts would follow that same federal authority to dismiss renewed challenges under the U.S. Constitution. *See Yim v. City of Seattle*, 451 P.3d 675, 694 (Wash. 2019) (Washington courts apply the federal analysis to takings claims under the Washington Constitution).

Second, if Plaintiffs' ultimate goal is a petition for certiorari to the U.S Supreme Court, their optimism is puzzling. Setting aside how the limitations period issues undermine this case as a vehicle for Supreme Court review, the Court has denied at least nine petitions in the last three years arguing what Plaintiffs argue: that the Ninth and Second Circuits or the Washington Supreme Court created a split of authority by failing to follow *Cedar Point* in physical invasion takings challenges to landlord-tenant regulations, including pandemic-era eviction moratoria. *GHP Mgmt. Corp. v. City of Los Angeles*, No. 23-55013, 2024 WL 2795190 (9th Cir. May 31,

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS - 6
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

2024), *cert. denied*, 145 S. Ct. 2615 (2025); *El Papel v. City of Seattle*, No. 22-35656, 2023 WL 7040314 (9th Cir. Oct. 26, 2023) (mem.), *cert. denied*, 144 S. Ct. 827 (2024); *Building & Realty Inst. of Westchester & Putnam Cntys., Inc. v. State of N.Y.*, Nos. 21-2526 & 21-2448, 2024 WL 1061142 (2d Cir. March 12, 2024), *cert. denied*, 145 S. Ct. 563 (2024); *74 Pinehurst LLC v. New York*, 59 F.4th 557, 563 (2d Cir. 2023), *cert. denied*, 146 S. Ct. 540 (2024); *335-7 LLC v. City of New York*, No. 21-823, 2023 WL 2291511 (2d Cir. March 1, 2023) (sum. order), *cert. denied*, 146 S. Ct. 540 (2024); *Community Hous. Improvement Prog. v. City of New York*, 59 F.4th 540 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 264 (2023); *Jevons v. Inslee*, No. 22-35050, 2023 WL 5031498 (9th Cir. Aug. 8, 2023) (mem.), *cert. denied*, 144 S. Ct. 500 (2023); *Kagan v. City of Los Angeles*, No. 21-55233, 2022 WL 16849064 (9th Cir. Nov. 10, 2022) (mem.), *cert. denied*, 144 S. Ct. 71 (2023); *Gonzales*, 535 P.3d 864*, cert. denied*, 144 S. Ct. 2685 (2024).

//

//

//

//

//

//

//

//

//

//

//

//

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS - 7
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

### III.    CONCLUSION

Plaintiffs' challenge is time-barred. Even if it were not, Plaintiffs concede they lose on the merits. Because the Complaint states no facially plausible claim, this Court should dismiss this action with prejudice.

Respectfully submitted April 3, 2026.

ERIKA J. EVANS
Seattle City Attorney

By:    *s/ Roger D. Wynne*
       Roger D. Wynne, WSBA #23399
       Maxwell C. Burke, WSBA #49806
       Assistant City Attorneys
       roger.wynne@seattle.gov
       maxwell.burke@seattle.gov

       Seattle City Attorney's Office
       701 Fifth Avenue, Suite 2050
       Seattle, WA 98104-7097
       (206) 684-8200

       *Attorneys for City of Seattle*

SUMMIT LAW GROUP, PLLC

By:    *s/ Jessica L. Goldman*
       Jessica L. Goldman, WSBA #21856
       Jesse L. Taylor, WSBA #51603
       Eva S. Oliver, WSBA #57109
       jessicag@summitlaw.com
       jesset@summitlaw.com
       evao@summitlaw.com

       315 Fifth Avenue S., Suite 1000
       Seattle, WA 98104-2682
       (206) 676-7000

       *Attorneys for State of Washington and Governor Robert Ferguson*

LEESA MANION (she/her)
King County Prosecuting Attorney

By:    *s/ Kyler M. Danielson*
       Kyler M. Danielson, WSBA #48344
       Darren E. Carnell, WSBA #25347
       Senior Deputy Prosecuting Attorneys
       KMDanielson@kingcounty.gov
       Darren.Carnell@kingcounty.gov

       King County Prosecuting Attorney's Office
       701 5th Avenue, Ste. 600
       Seattle, WA 98104-7108
       (206) 477-1200

       *Attorneys for King County*

KELLER ROHRBACK L.L.P.

By:    *s/ Adam L. Rosenberg*
       Adam L. Rosenberg, WSBA #39256
       arosenberg@kellerrohrback.com

       1201 Third Avenue, Suite 3400
       Seattle, WA 98101-3268
       (206) 623-1900

       *Attorney for Defendant City of Burien*

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS - 8
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

CITY OF EVERETT

By:    *s/ Ramsey Ramerman*
       Ramsey Ramerman, WSBA #30423
       Deputy City Attorney
       RRamerman@everettwa.gov

       Office of the City Attorney
       2930 Wetmore Avenue, 10-C
       Everett, WA 98201
       (425) 257-7009

       *Attorney for City of Everett*

CITY OF KIRKLAND

By:    *s/ Kevin Hansen*
       Kevin B. Hansen, WSBA #28349
        Senior Assistant City Attorney
       Ryan M Gompertz, WSBA #54462
        Assistant City Attorney
       khansen@kirklandwa.gov
       rgompertz@kirklandwa.gov

       City of Kirkland
       123 5th Avenue
       Kirkland, WA  98033
       (425) 587-3031

       *Attorneys for City of Kirkland*

OFFICE OF THE CITY ATTORNEY

By:    *s/ Michael J. Piccolo*
       Michael J. Piccolo, WSBA #20238
       City Attorney
       mpiccolo@spokanecity.org

       808 W. Spokane Falls Blvd.
       Spokane, WA 99201
       (509) 625-6225

       *Attorney for City of Spokane*

INSLEE, BEST, DOEZIE & RYDER, P.S.

By:    *s/ Curtis J. Chambers*
       Curtis J. Chambers, WSBA #42984
       Dawn F. Reitan, WSBA #23148
       Cchambers@insleebest.com
       Dreitan@insleebest.com

       10900 NE 4th Street, Suite 1500
       Bellevue, WA 98004
       (425) 455-1234

       *Attorneys for City of Kenmore*

LAW, LYMAN, DANIEL, KAMERRER
& BOGDANOVICH, P.S.

By:    *s/ Jeffrey S. Myers*
       Jeffrey S. Myers, WSBA #16390
       jmyers@lldkb.com

       P.O. Box 11880
       Olympia, WA 98508-1880
       (360) 754-3480

       *Attorney for City of Olympia*

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS - 9
*Cedarland Homes LLC v. Ferguson, et al., No. 3:26-cv-05090-BJR*

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200