The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CEDARLAND HOMES LLC; ANDREW LAN; 2310 YALE APPTS., LLC; WEST/FREEMAN PROPERTIES L.L.C.; KENMORE VILLAGE 2017, LLC; DANA MACKENZIE; SCOTT MACKENZIE; CHUNFU SIMON WU; KARL JACOBS; JOHN BARRETT; JENNIFER BARRETT; STEVE OTTEN; BEACON FLATS PROPERTIES LLC,

Plaintiffs,

v.

GOVERNOR ROBERT FERGUSON; the STATE OF WASHINGTON; the CITY OF SEATTLE; KING COUNTY; the CITY OF KENMORE; the CITY OF BURIEN; the CITY OF KIRKLAND; the CITY OF OLYMPIA; the CITY OF EVERETT; and the CITY OF SPOKANE,

Defendants.

No. 3:26-cv-05090-BAT

**PLAINTIFFS' NOTICE OF APPEAL**

Please take notice that Plaintiffs Cedarland Homes LLC; Andrew Lan; 2310 Yale Apts., LLC; West/Freeman Properties L.L.C.; Kenmore Village 2017, LLC; Dana Mackenzie; Scott Mackenzie; Chunfu Simon Wu; Karl Jacobs; John Barrett; Jennifer Barrett; Steve Otten; Beacon Flats Properties LLC, hereby appeal to the United States Court of Appeals for the Ninth Circuit from this Court's attached Judgment (ECF No. 31), entered on August 5, 2026, and all opinions and orders that merge into that Judgment, including without limitation the August 5, 2026 Order

PLAINTIFFS' NOTICE OF APPEAL (3:26-cv-05090-BAT) - 1
4915-9774-3557v.1 0110295-000022

Granting Defendants' Motion to Dismiss (ECF No. 30).  The Representation Statement listing the parties and counsel on appeal is attached per Ninth Circuit Rule 3-2(b).

DATED this 6th day of August, 2026.

Davis Wright Tremaine LLP
Attorneys for Plaintiffs

By  *s/ Christopher Swift*
Christopher Swift, WSBA #63299
John DiLorenzo, Jr. (*pro hac vice*)
560 SW 10th Avenue, Suite 700
Portland, OR  97205-2702
Telephone: 503-241-2300
Fax: 503-778-5299
E-mail: chrisswift@dwt.com
Email: johndilorenzo@dwt.com

PLAINTIFFS' NOTICE OF APPEAL (3:26-cv-05090-BAT) - 2
4915-9774-3557v.1 0110295-000022

Davis Wright Tremaine LLP
LAW OFFICES
560 SW 10th Avenue, Suite 700
Portland, OR  97205-2702
503.241.2300 main · 503.778.5299 fax

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

CEDARLAND HOMES LLC, *et al.*,

    Plaintiffs,

v.

FERGUSON, *et al.*,

    Defendants.

**JUDGMENT IN A CIVIL CASE**

CASE NUMBER: 26-5090-BJR

___ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

__X__ **Decision by Court**. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

THE COURT HAS ORDERED THAT

    This matter be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

    Dated 5th day of August 2026.

Joshua C. Lewis        
Clerk of Court

s/Carrie Smith        
Deputy Clerk

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CEDARLAND HOMES LLC, *et al.*,

     Plaintiffs,

v.

FERGUSON, *et al.*,

     Defendants.

NO. 26-cv-5090-BJR

**ORDER GRANTING DISMISSAL**

## I.  INTRODUCTION

This putative class action was brought by property owners[1] who were affected by a series of executive orders and enactments issued during the COVID-19 pandemic by the State of Washington and certain local governments. Compl. ¶ 1, ECF No. 1-1. "For over a year, these orders and enactments (the "Moratoria'') barred Plaintiffs from excluding individuals from their property who refused to pay rent for any (or no) reason and precluded Plaintiffs from recovering late fees or other contractually authorized charges for delinquent payments." *Id.* ¶ 2. Plaintiffs allege that the Moratoria effected an unconstitutional taking of their property, and they now seek just

---

[1] Named Plaintiffs are Cedarland Homes LLC; Andrew Lan; 2310 Yale Apts. LLC; West/Freeman Properties, L.L.C.; Kenmore Village 2017, LLC; Dana and Scott MacKenzie; Chunfu Simon Wu; Karl Jacobs; John and Jennifer Barrett; Steve Otten; and Beacon Flats Properties LLC.

ORDER GRANTING DISMISSAL

- 1

compensation. *Id.* ¶¶ 2-3. Pending before the Court is Defendants'[2] motion to dismiss Plaintiffs' claims as time-barred, ECF No. 23. Having reviewed the materials[3] and the relevant legal authorities, the Court will GRANT the motion. The reasoning for the Court's decision follows.

## II.    BACKGROUND

Plaintiffs allege that the State's Moratoria was initially issued on March 18, 2020, set to expire on April 17, 2020, but was then extended and expanded on April 16, 2020, with further extensions until June 30, 2021. Compl. ¶¶ 31-33. Similarly, Seattle's Moratoria was initially enacted on March 16, 2020 through May 11, 2020, then extended and ultimately expired October 31, 2022. *Id.* ¶¶ 37-40. Other Local Government Defendants adopted similar ordinances during this period. *Id.* ¶ 41. The Moratoria was intended to provide relief to tenants impacted by the pandemic, but the result was that property owners were forced to allow nonpaying former tenants to occupy their property with no recourse to mitigate damages from lost revenue. *Id.* ¶¶ 42-43. Although a limited reimbursement program was temporarily available, Plaintiffs allege it fell far short of just compensation under the United States Constitution. *Id.* ¶ 45. Plaintiffs contend that Defendants' Moratoria precluded them from exercising their constitutionally protected right to exclude. *Id.* ¶ 46 (citing *Ala. Ass'n of Realtors v. Dep't of Health & Human Servs.*, 594 U.S. 758, 765 (2021) (quoting[4] *Loretto v Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435 (1982)).

---

[2] Defendants are Robert Ferguson, current Governor of the State of Washington and successor to Governor Jay Inslee, who issued the State's Moratoria; the State of Washington; King County; City of Seattle; City of Burien; City of Everett; City of Kenmore; City of Kirkland; City of Olympia; and City of Spokane. Plaintiffs voluntarily dismissed their claims against Defendant City of Bellevue. ECF No. 22.

[3] Including the motion, ECF No.23; Plaintiffs' response in opposition, ECF No. 25; and Defendants' reply, ECF No. 28; together with attached exhibits.

[4] The Court notes that Plaintiffs use the term "quoting" although there was no quote.

ORDER GRANTING DISMISSAL

- 2

Plaintiffs assert two causes of action: (1) Inverse Condemnation – Uncompensated *Per Se* Taking in Violation of the Fifth and Fourteenth Amendments to the United States constitution (Against All Defendants); and (2) 42 U.S.C. § 1983 – Uncompensated *Per Se* Taking in Violation of the Fifth and Fourteenth Amendments to the United States Constitution (Against Defendant Ferguson and the Local Government Defendants). Compl. ¶¶ 72-89. Plaintiffs filed their lawsuit in Thurston County Superior Court on December 18, 2025, and Defendants timely removed the action to this Court. By their motion, Defendants assert that Plaintiffs' causes of action are subject to a three-year limitations period that has passed, requiring dismissal with prejudice as time-barred.

### III.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), courts must accept the factual allegations in the complaint as true and construe such allegations in the light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir. 2018).

Typically, a court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may,

ORDER GRANTING DISMISSAL

- 3

however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. The court may consider such documents so long as their authenticity is not contested, and the complaint relies on them. *Id.*, *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citing *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir.2006). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (citing *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir.1995)).

## IV.   DISCUSSION

Defendants assert that Plaintiffs' cause of action under 42 U.S.C. § 1983 represents a regulatory taking, which is governed by the relevant state's personal injury limitations period and subject to a three-year limitations period. Mot. 3. The limitations period begins to run upon a regulation's passage, and all of the Moratoria's passed over three years ago. *Id.* at 4. Defendants contend that the inverse condemnation claim is also a regulatory taking, limited to a state remedy, and should be subject to a three-year limitations period. *Id.* at 4-5.

Plaintiffs assert that the Court need not reach Defendants' statute of limitations arguments "in light of the controlling Ninth Circuit authority," but they argue that if the Court addresses timeliness, it should hold that both of Plaintiffs' claims are timely because neither are subject to a

ORDER GRANTING DISMISSAL

- 4

three-year limitations period. Opp'n 13. Rather, Plaintiffs contend that the inverse condemnation claim is not a "regulatory takings" claim and is thus subject to a ten-year limitations period, and the § 1983 claim is subject to a six-year limitations period. *Id.*

In the interest of judicial economy, this Court declines to delve into the parties' arguments related to timeliness. Even if the claims were timely, they fail on the merits as a matter of law. Both parties agree that the overwhelming weight of authority in the Ninth Circuit and in Washington State rejects Plaintiffs' challenges to the landlord-tenant regulations at issue here. *See* Mot. 6 (citing cases); Opp'n 8 (citing cases); *see also* Compl. ¶ 47 (acknowledging Washington State's rejection of the claim that the Moratoria constituted a taking under the Washington Constitution). Plaintiffs acknowledge that Ninth Circuit precedent is binding on this Court, which would require dismissal of this action on the merits. Opp'n 1, 3, 8, 13.[5]

Because both the Ninth Circuit and the Washington State Court have ruled that landlord-tenant regulations are not physical takings, the Court is compelled to dismiss Plaintiffs' claims on the merits. *See, e.g.*, *GHP Mgmt. Corp. v. City of Los Angeles*, No. 23-55013, 2024 WL 2795190, at \*1 (9th Cir. May 31, 2024), *cert. denied*, 145 S. Ct. 2615 (2025) (holding that the landlord plaintiffs failed to state a claim for a Fifth Amendment *per se* physical taking); *Gonzales v. Inslee*, 2 Wn. 3d 280, 295-96 (2023), *cert. denied*, 144 S. Ct. 2685 (2024) ("We conclude that the moratoriums were not a physical taking of the petitioners' property under article I, section 16 of the state constitution.").

Accordingly, the Court will dismiss Plaintiffs' claims with prejudice.

---

[5] Plaintiffs spend much of their brief explaining why they believe the Ninth Circuit is wrong and noted that they "continue to assert their claims based on good faith arguments for extending, modifying, or reversing existing Ninth Circuit law or for establishing new law." Opp'n 8 n.1.

ORDER GRANTING DISMISSAL

- 5

## V.    CONCLUSION

For the foregoing reasons:

1.  Defendants' Motion to Dismiss, ECF No. 23, is GRANTED; and

2.  Plaintiffs' claims are DISMISSED WITH PREJUDICE;

3.  Judgment will be entered by separate Order.

DATED this 5th day of August 2026.

Barbara Jacobs Rothstein
United States District Judge

ORDER GRANTING DISMISSAL

- 6